| 2010-39151 / Court: 011 |
|---|

Filed 10 June 24 P12:27
Loren Jackson - District Clerk
Harris County
ED101J015839189
By: Nelson Cuero

CAUSE NO._____

| | | |
|---|---|---|
| JOSE DE JESUS JUAREZ AND MARIA RAMOS, Plaintiffs, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | HARRIS COUNTY, TEXAS |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, CUSTARD INSURANCE ADJUSTERS, INC., KENT LEE STRICKLAND, AND MELINDA MOLLY SEIGLER, Defendants. | § § § § § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jose De Jesus Juarez and Maria Ramos ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of Nationwide Property and Casualty Insurance Company ("Nationwide"), Custard Insurance Adjusters, Inc. ("Custard"), Kent Lee Strickland ("Strickland"), and Melinda Molly Seigler ("Seigler") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**PARTIES**

2. Plaintiffs Jose De Jesus Juarez and Maria Ramos are individuals residing in Harris County, Texas.

3. Defendant Nationwide is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with process by certified mail, return receipt requested, by serving its Registered Agent: CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

4. Defendant Custard is a foreign adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with process by certified mail, return receipt requested to its Registered Agent: National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

5. Defendant Kent Lee Strickland is an individual residing in and domiciled in the State of Georgia. This defendant may be served with personal process by a process server at his place of residence at 50 Waters Edge Court, Griffin, Georgia 30224-9010.

6. Defendant Melinda Molly Seigler is an individual residing in and domiciled in the State of South Carolina. This defendant may be served with personal process by a process server at her place of residence at 301 Harbor Heights Drive, Apt. 11C, Lexington, South Carolina 29072-9651.

**JURISDICTION**

7. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

8. The Court has jurisdiction over Defendant Nationwide because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

9. The Court has jurisdiction over Defendant Custard because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

10. The Court has jurisdiction over Defendant Strickland because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

11. The Court has jurisdiction over Defendant Seigler because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

**VENUE**

12. Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

13. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Nationwide.

14. Plaintiffs own the insured property, which is specifically located at 417 Norwood, Houston, Texas 77011, in Harris County (hereinafter referred to as "the Property").

15. Nationwide sold the Policy insuring the Property to Plaintiffs.

16. On or about September 12, 2008, in the late evening going into the early morning hours of September 13, 2008, Hurricane Ike struck Harris County, Texas, causing severe damage to homes and businesses throughout the gulf-coast region of Texas, including Plaintiffs' residence. Plaintiffs' roof sustained extensive damage during the storm. Specifically, wind and debris from the storm caused damage to several shingles, and caused portions of Plaintiffs' roof to collapse. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Specifically, Plaintiffs' walls sustained extensive cracking, and are detaching from one another, causing Plaintiffs fear of partial or total structural collapse. Furthermore, Plaintiffs sustained significant damage to their fence, personal belongings, and contents within the home. Specifically, Plaintiffs sustained damage to various home electronics and appliances, as well as Plaintiff Jose Juarez' wheelchair. Additionally, Plaintiffs sustained loss from food spoilage, as well as evacuation expenses as a result of the storm. Immediately after the storm, Plaintiffs filed a claim with his insurance company, Nationwide, for the damages to his home caused by Hurricane Ike.

17. Plaintiffs submitted a claim to Nationwide against the Policy for contents damage, other structure damage, roof damage, structural damage, water damage, and wind damage the Property sustained as a result of Hurricane Ike.

18. Plaintiffs asked that Nationwide cover the cost of repairs to the Property pursuant to the Policy. Plaintiffs requested additional living expenses as well.

19. Defendant Nationwide assigned Defendant Custard to adjust the claim. Defendant Custard and/or Defendant Nationwide then assigned Defendant Strickland and Defendant Seigler as the individual adjusters on the claim. Defendants Strickland and Seigler each performed perfunctory inspections upon the Property. Specifically, Defendant Strickland spent an insufficient amount of time – approximately 15 minutes – inspecting Plaintiffs' property to accurately asses the damages. Further, Defendant Strickland never climbed onto the roof to fully inspect the damages, nor did Defendant Strickland inspect the entire house to accurately to fully assess Plaintiffs' interior damages. In similar fashion, Defendant Seigler spent an insufficient amount of time – approximately 10 minutes – inspecting Plaintiffs' property to accurately assess the damages. Further, Defendant Seigler never climbed onto Plaintiffs' roof to fully inspect the damages.

20. As detailed in the paragraphs below, Nationwide wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Nationwide underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

21. To date, Nationwide continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

22. Defendant Nationwide failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon

Page 5

the Policy had been carried out and accomplished by Plaintiffs. Nationwide's conduct constitutes a breach of the insurance contract between Nationwide and Plaintiffs.

23. Defendants Nationwide, Custard, Strickland, and Seigler misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Nationwide's, Custard's, Strickland's and Seigler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

24. Defendants Nationwide, Custard, Strickland, and Seigler failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Nationwide's, Custard's, Strickland's, and Seigler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

25. Defendants Nationwide, Custard, Strickland, and Seigler failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Nationwide, Custard, Strickland, and Seigler failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Nationwide, Custard, Strickland, and Seigler did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants Nationwide's, Custard's, Strickland's, and Seigler's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

Page 6

26. Defendants Nationwide, Custard, Strickland, and Seigler failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Nationwide, Custard, Strickland, and Seigler. Defendants Nationwide's, Custard's, Strickland's, and Seigler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

27. Defendants Nationwide, Custard, Strickland and Seigler refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Nationwide, Custard, Strickland, and Seigler failed to conduct a reasonable investigation. Specifically, Defendants Nationwide, Custard, Strickland, and Seigler performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Nationwide's, Custard's, Strickland's, and Seigler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

28. Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

29. Defendant Nationwide failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

30. Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

31. From and after the time Plaintiffs' claim was presented to Defendant Nationwide, the liability of Nationwide to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Nationwide has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing.

32. Defendants Nationwide, Custard, Strickland, and Seigler knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

33. As a result of Defendants Nationwide's, Custard's, Strickland's, Seigler's wrongful acts and omissions, Plaintiffs was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

34. Plaintiffs' experience is not an isolated case. The acts and omissions Nationwide committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Nationwide with regard to handling these types of claims. Nationwide's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST STRICKLAND AND SEIGLER

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

35. Defendants Strickland's and Seigler's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

36. Defendants Strickland and Seigler are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Nationwide, because each is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

37. Defendants Strickland's and Seigler's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

38. Defendants Strickland's and Seigler's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

39. The unfair settlement practice of Defendants Strickland and Seigler as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

40. Defendants Strickland's and Seigler's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

41. Defendants Strickland's and Seigler's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

Certified Document Number: 45656181 - Page 10 of 18

## CAUSES OF ACTION AGAINST DEFENDANT CUSTARD

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

42. Defendant Custard's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

43. Defendant Custard's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

44. Defendant Custard's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

45. Defendant Custard's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS CODE § 541.060(a)(3).

46. Defendant Custard's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47. Defendant Custard's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(A)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

48. Defendants Nationwide, Custard, Strickland, and Seigler are liable to Plaintiffs for common law fraud.

49. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Nationwide, Custard, Strickland, and Seigler knew were false or made recklessly without any knowledge of their truth as a positive assertion.

50. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

51. Defendants Nationwide, Custard, Strickland, and Seigler are liable to Plaintiffs for conspiracy to commit fraud. Defendants Nationwide, Custard, Strickland, and Seigler were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants

Nationwide, Custard, Strickland, and Seigler committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST NATIONWIDE ONLY

52. Defendant Nationwide is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

53. Defendant Nationwide's conduct constitutes a breach of the insurance contract made between Nationwide and Plaintiffs.

54. Defendant Nationwide's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55. Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

56. Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

57. Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

58. Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

59. Defendant Nationwide's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

60. Defendant Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

61. Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

Certified Document Number: 45656181 - Page 14 of 18

62. Defendant Nationwide's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE § 542.055.

63. Defendant Nationwide's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.056.

64. Defendant Nationwide's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

65. Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

66. Defendant Nationwide's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Nationwide knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

67. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

68. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

69. As previously mentioned, the damages caused by Hurricane Ike have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Nationwide's, Custard's, Strickland's, and Seigler's mishandling of Plaintiffs' claim in violation of the laws set forth above.

70. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

71. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE § 541.152.

72. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

Page 16

73. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

74. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

75. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

76. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

77. *Plaintiffs' Request for Disclosure to Defendant Nationwide Property and Casualty Insurance Company* is attached as "Exhibit A," *Plaintiffs' Request for Disclosure to Defendant Custard Insurance Adjusters, Inc.* is attached as "Exhibit A-1," *Plaintiffs' Request for Disclosure to Defendant Kent Lee Strickland* is attached as "Exhibit A-2,"

and *Plaintiffs' Request for Disclosure to Defendant Melinda Molly Seigler* is attached as "Exhibit A-3."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show himselves justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM

*/s/ W. Shawn Staples*
W. Shawn Staples
State Bar No. 00788457
3810 West Alabama Street
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**



I, Loren Jackson, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date
Witness my official hand and seal of office this August 2, 2010

Certified Document Number:   45656181 Total Pages: 18

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**