IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE DE JESUS JUAREZ and MARIA RAMOS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-2726 |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, CUSTARD INSURANCE ADJUSTERS, INC., KENT LEE STRICKLAND, and MELINDA MOLLY SEIGLER, | § § § § § § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Defendants Nationwide Property and Casualty Insurance Company's, Custard Insurance Adjusters, Inc.'s, Kent Lee Strickland's, and Melinda Molly Seigler's Motion for Partial Dismissal Under Rule 9(b) of the Federal Rules of Civil Procedure, (Document No. 3). After having reviewed the motion, responses, and the applicable law, the Court concludes as follows.

I. Background

This is a Hurricane Ike insurance dispute. Plaintiffs Jose de Jesus Juarez and Maria Ramos ("Plaintiffs") allege that their home was severely damaged by the hurricane, including partial roof collapse and loss of several shingles.[1] Additionally, they allege

---

[1] Document No. 1, ex. 1 at 4 (Plaintiffs' Orig. Pet.).

that water seeping from the damaged roof caused significant damage to the walls, insulation, flooring, electronics and appliances. Plaintiffs are the named insureds on their homeowner's insurance policy, issued by Defendant Nationwide Property and Casualty Insurance Company ("Nationwide").[2] Plaintiffs filed a claim with Nationwide, and Nationwide assigned Defendant Custard Insurance Adjusters ("Custard") to adjust the claim.[3] Defendants Melinda Molly Seigler ("Seigler") and Kent Lee Strickland ("Strickland") were the individual adjusters who came to the property to inspect the damage and adjust the claim.[4] Plaintiffs allege that Seigler and Strickland performed perfunctory inspections of their property, spending only 10 or 15 minutes each, and did not climb up on the partially collapsed roof to assess the damage.[5]

Plaintiffs bring this action against all Defendants for violations of the Texas Insurance Code, common law fraud, and conspiracy to commit fraud. Additionally, Plaintiffs assert that Nationwide breached the insurance contract and its duty of good faith and fair dealing.[6] Defendants move to dismiss all non-contractual claims, including conspiracy to commit fraud, and

---

[2] Id.

[3] Id. at 5.

[4] Id.

[5] Id. at 5.

[6] Id. at 13-16.

claims under the Texas Insurance Code, against all Defendants, under Federal Rule of Civil Procedure 9(b).[7] Plaintiffs argue that they have met the standard set forth in Rule 9(b) for the fraud claims, and that the other claims need not meet the exacting standard of Rule 9(b). Alternatively, Plaintiffs request leave to amend their pleadings in order to comply with Rule 9(b).

## II. Rule 9(b) Standard

A motion to dismiss for failure to plead with particularity as required by Rule 9(b) is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim. Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017 (5th Cir. 1996); Campa v. Nationwide Prop. and Cas. Ins. Co., Civ. A. No. 10-2707, 2010 WL 3733469, at *1 (S.D. Tex. Sept. 7, 2010).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Although the exact pleading requirements for Rule 9(b) are case-specific, see Guidry v. Bank of LaPlace, 954 F.2d 278, 288 (5th Cir. 1992), the Fifth Circuit "requires that the plaintiff allege 'the particulars of time, place, and contents of the false representations,' as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who,

---

[7] Document No. 3 at 1-2.

what, when, where, and how' of the alleged fraud." <u>U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.</u>, 336 F.3d 375, 384 (5th Cir. 2003) (citations omitted).

### III. Discussion

A.  Fraud and Conspiracy to Commit Fraud

In their common law fraud claim, Plaintiffs allege:

> ¶49: Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Nationwide, Custard, Strickland, and Seidler knew were false or made recklessly without any knowledge of their truth as a positive assertion.
>
> ¶50: The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.[8]

Plaintiffs' pleading, however, specifies no representation or alleged misrepresentation that Plaintiffs claim to have relied upon or that caused them to "act[] as they did." The petition fails to state the substance of any alleged misrepresentations constituting the alleged fraud, much less exactly *who* made them, *how* they were

---

[8] Document No. 1, ex. 1 at 12.

4

made, *when* they were made, to *whom* they were made, and *where* they were made. *See* <u>Willard</u>, 336 F.3d at 384.

Likewise, Plaintiffs' claim of conspiracy to commit fraud is purely formulaic and conclusory, also failing to meet the requirements of Rule 9(b). The motion to dismiss all allegations of fraud and conspiracy to commit fraud for failure to comply with Rule 9(b) is meritorious.

B.   <u>Texas Insurance Code Claims</u>

Normally, "[r]ule 9(b)'s stringent pleading requirements should not be extended to causes of action not enumerated therein." <u>Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.</u>, 115 F. App'x 662, 668 (5th Cir. 2004); *see also* <u>Kennard v. Indianapolis Life Ins. Co.</u>, 420 F. Supp.2d 601, 609 (N.D. Tex. 2006) (Fish, J.) (citations omitted) (holding that Rule 9(b) did not apply to pleadings for Texas Insurance Code claims when no separate fraud claims were alleged). However, when the fraud and misrepresentation claims are based on the same set of alleged facts, and no distinction is made between the claims, the Fifth Circuit has applied the heightened pleading requirements of Rule 9(b). *See* <u>Benchmark Elec., Inc., v. J.M. Huber Corp.</u>, 343 F.3d 719, 723 (5th Cir. 2003); <u>Williams v. WMX Techs., Inc.</u>, 112 F.3d 175, 177 (5th Cir. 1997); *see also* <u>Berry v. Indianapolis Life Ins. Co.</u>, 608 F. Supp.2d 785, 800 (N.D. Tex. 2009) (holding that the heightened

5

pleading standard of Rule 9(b) applied to Texas Insurance Code claims where the allegations of misrepresentations were based on the same facts as the fraud claims). The question is whether the non-fraud claims are "'so intertwined' with the fraud averments that it is not possible to describe a simple redaction to separate the two." Kennard, 420 F. Supp.2d at 609.

Here, Plaintiffs' Texas Insurance Code claims are all "intertwined" with the general allegations of fraud and conspiracy to commit fraud claims, all of which are found in the same conclusory "Facts" section of the petition. Plaintiffs' structure of its petition therefore precludes any "simple redaction to separate the two." See Kennard, 420 F. Supp.2d at 609. Accordingly, the motion to dismiss has merit, although Plaintiffs will be given an opportunity to replead their claims under the Texas Insurance Code and, as well, their claims of fraud if such claims can be made consistent with the requirements of Rules 11(b) and 9(b).

### IV. Order

For the foregoing reasons, it is

ORDERED that Defendants Nationwide Property and Casualty Insurance Company, Custard Insurance Adjusters, Inc., Kent Lee Strickland, and Melinda Molly Seigler's Motion for Partial Dismissal Under Rule 9(b) of the Federal Rules of Civil Procedure, (Document No. 3) is GRANTED, and all non-contractual claims shall

be DISMISSED without further Order of the Court unless Plaintiffs, within 14 days after the date of this Order, file a more definite statement in the form of an Amended Complaint that fully complies with Rules 8, 9(b), and 11(b).[9]

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 29TH day of December, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[9] The Court observes that the attorneys for Plaintiffs in this case appear routinely and with no specificity to have alleged "fraud" and "conspiracy to commit fraud" in case after case that the Court has now had opportunity to examine. The requirements of Rule 9(b) have been stated above and need not be repeated. <u>The Court cautions Plaintiffs, however, that when signing a pleading in this Court, counsel also is making all of the representations to the Court that are set out in Rule 11(b)</u>.